UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

ALFONSO GARCIA,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
CARIBBEAN PARKING SYSTEMS, INC.　　　)
and JML PARKING LLC d/b/a Southern　 )
Parking,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)

## COMPLAINT

Plaintiff ALFONSO GARCIA ("Plaintiff") sues Defendants CARIBBEAN PARKING SYSTEMS, INC. and JML PARKING LLC d/b/a Southern Parking ("Defendants") and alleges as follows:

## NATURE OF ACTION

1. This action arises out of Plaintiff's employment relationship with Defendants, including his wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. (the "FMLA") and the Families First Coronavirus Response Act (the "FFCRA")[1].

---

[1] Plaintiff will file a Charge of Disability Discrimination and Retaliation with the EEOC. As soon as the EEOC issues its Right to Sue, the Plaintiff will move to amend this complaint to include claims of discrimination and retaliation under the ADA and the FCRA.



www.saenzanderson.com

1

## PARTIES

2. At all times material, Plaintiff was a resident of Broward County, Florida. Plaintiff worked for Defendants in Palm Beach County, Florida.

3. Defendants Caribbean Parking Systems, Inc. is a Florida corporation with main offices in **Miami-Dade County, Florida**.

4. Defendants JML Parking LLC d/b/a Southern Parking is a limited liability company and Florida resident, with its main place of business in **Miami-Dade County, Florida**.

5. Defendants are, and at all times relevant were, parking companies whose business activities affected interstate commerce.

6. Plaintiff worked for the Defendants at all times material hereto.

7. Upon information and belief, the employment records of Plaintiff are kept in **Miami-Dade County, Florida**.

8. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

9. At all times material, Defendants were Plaintiff's "employer" as defined by 29 U.S.C.§ 2611(4).

10. Plaintiff, at all times relevant, is and was an ''employee'' of Defendants as that terms is defined by section 3(e) of the Fair Labor Standards Act of 1938 (FLSA) (29 U.S.C. 203(e)) and the FFCRA.

11. Defendants were Plaintiff's "employer" under 29 C.F.R. Section 826.10. Each Defendant is also a covered employer under the FFCRA.



www.saenzanderson.com

12. Plaintiff is an "eligible employee" under the FFCRA, the Emergency Family and Medical Leave Expansion Act, Division C of the FFCRA (the ''EFMLEA''), and the Emergency Paid Sick Leave Act ("EPSLA").

13. The Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Defendants are therefore joint employers.

14. Defendants are employers of Plaintiff, and are liable to Plaintiff under a theory of joint employment, agency, or integrated enterprise.

15. Accordingly, each Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of each other.

## JURISDICTION AND VENUE

16. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq*. and the FFCRA.

17. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4) and 29 U.S.C. §2617.

18. Venue is proper because the Defendants are located in **Miami-Dade County, Florida** and conducts business in **Miami-Dade County, Florida**.

19. Venue is proper under 28 U.S.C. § 1391(b) because Defendants have their principal place of business within the district, resides in the judicial district and because the employment records of Plaintiff are stored or have been administered in **Miami-Dade County, Florida**.



www.saenzanderson.com

## PROCEDURAL REQUIREMENTS

20. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

21. Plaintiff is a valet parking associate who, at all times relevant, worked for Defendants in Boca Raton, Florida.

22. At all material times, Defendant Caribbean Parking owned Defendant JML Parking LLC d/b/a Southern Parking.

23. At all material times, Defendants shared an address and responsibilities related to operation, control and management of the parking businesses.

24. As a valet parking associate, Defendants paid Plaintiff approximately $8.75 per hour plus tips.

25. During the pandemic, Plaintiff requested masks, gloves, and other protective gear from Defendants, but Defendants ignored Plaintiff's requests and did not provide the requested items.

26. On or about July 4, 2020, Plaintiff began feeling COVID-19-like symptoms such as intense fever. Plaintiff immediately notified his manager at work.

27. In response, Plaintiff's manager told Plaintiff to go home to quarantine and to not come back until he tested COVID-19 negative.

28. Plaintiff replied asking to be paid for the time he was to spend quarantined and also inquired if his job was going to still be available upon his return.



29. Defendants denied Plaintiff's request for quarantine pay and advised Plaintiff that his job was "secure." The denial caused Plaintiff to apply for unemployment benefits.

30. On or about July 5, 2020, Plaintiff sought medical care and treatment and went to get tested for COVID-19.

31. Approximately, ten days after taking his test Plaintiff received his results and learned that he was COVID-19 positive. Plaintiff immediately notified his manager at work.

32. During or around early August 2020, Plaintiff contacted his manager to report that Plaintiff finally had tested COVID-19 negative and consequently he was able to return to work.

33. Plaintiff's manager responded that he was no longer Plaintiff's supervisor and that Plaintiff needed to contact his new manager.

34. Plaintiff contacted his new manager as instructed and this new manager offered Plaintiff a job in Lantana, Florida. The new manager insisted that after a week, Plaintiff was going to be transferred back to his old job post in Boca Raton.

35. Plaintiff appreciated the news since he lives in Broward County and Lantana is very far from where he lives. Also, Plaintiff was happy to learn that Defendants only required Plaintiff to work in Lantana for a week and no more.

36. However, soon after Plaintiff agreed to go back to work, Defendants terminated his employment and did not allow him to re-commence work.

37. Up until the time of Plaintiff's termination, Defendants did not explain to Plaintiff his potential rights to leave under the FMLA, the FFCRA, the EFMLEA or the EPSLA.

**COUNT I: INTERFERENCE WITH FFCRA, EFMLEA, and EPSLA RIGHTS AGAINST DEFENDANTS (FAILURE TO PROVIDE INFORMATION)**



www.saenzanderson.com

5

38. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

39. On July 5, 2020, Plaintiff was eligible for leave and paid leave under the FFCRA, the EFMLEA, and the EPSLA.

40. Under the FFCRA and the EPSLA Plaintiff was entitled to paid sick leave because he was unable to work and was experiencing symptoms of COVID–19 and seeking medical diagnosis from a health care provider.

41. At all times material, Plaintiff gave proper notice to Defendants by informing it of his serious medical condition, COVID-19.

42. Plaintiff provided enough information for Defendants to know that his potential leave may be covered by the FFCRA, the EFMLEA and the EPSLA.

43. Despite its knowledge of Plaintiff's medical condition, Defendants failed to notify Plaintiff of his eligibility status and rights under the FFCRA, the EFMLEA and the EPSLA.

44. Similarly, Defendants failed to notify Plaintiff whether his leave was or could be designated leave under the FFCRA, the EFMLEA and the EPSLA.

45. When Defendants failed to notify Plaintiff of his eligibility status and rights under the FFCRA, the EFMLEA and the EPSLA, and failed to notify Plaintiff whether his leave was or could be designated as leave under the FFCRA, the EFMLEA and the EPSLA.

46. Accordingly, Defendants interfered with Plaintiff's rights under the FFCRA, the EFMLEA and the EPSLA.

47. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:



a. Enter judgment in Plaintiff's favor and against Defendants for interfering with Plaintiff's rights under the FFCRA, the EFMLEA and the EPSLA;

b. Reinstatement of compensatory mental damages;

c. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

d. Award Plaintiff liquidated damages;

e. Award Plaintiff prejudgment interest on his damages award;

f. Award Plaintiff reasonable costs and attorney's fees;

g. Award Plaintiff any further relief pursuant to the FFCRA, the EFMLEA and the EPSLA; and

h. Grant Plaintiff such other and further relief as this court deems equitable and just.

**Plaintiff demands a trial by jury.**

### COUNT II: INTERFERENCE WITH RIGHTS UNDER the FFCRA, the EFMLEA, and the EPSLA (TERMINATION)

48. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

49. In July of 2020 Plaintiff was eligible for leave under the FFCRA, the EFMLEA and the EPSLA.

50. At all times material, Plaintiff gave proper notice to Defendants by informing it of his serious medical condition, COVID-19.

51. Plaintiff provided enough information for Defendants to know that his potential leave may be covered by the FFCRA, the EFMLEA and the EPSLA.



52. Despite its knowledge of the medical condition of Plaintiff, Defendants terminated Plaintiff instead of affording him the opportunity to take paid leave and return to work under the FFCRA, the EFMLEA and the EPSLA.

53. When Defendants fired Plaintiff, it interfered with Plaintiff's rights under the FFCRA, the EFMLEA and the EPSLA.

54. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

a. Enter judgment in Plaintiff's favor and against Defendants for interfering with Plaintiff's rights under the FFCRA, the EFMLEA and the EPSLA;

b. Reinstatement or compensatory mental damages;

c. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

d. Award Plaintiff liquidated damages;

e. Award Plaintiff prejudgment interest on his damages award;

f. Award Plaintiff reasonable costs and attorney's fees;

g. Award Plaintiff any further relief pursuant to the FFCRA, the EFMLEA and the EPSLA; and

h. Grant Plaintiff such other and further relief as this court deems equitable and just.

**Plaintiff demands a trial by jury.**

### COUNT III: INTERFERENCE WITH FMLA RIGHTS AGAINST DEFENDANTS (FAILURE TO PROVIDE FMLA INFORMATION)

55. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.



www.saenzanderson.com

56. On July 2020 Plaintiff was eligible for FMLA leave.

57. At all times material, Plaintiff gave proper notice to Defendants by informing it of his serious medical condition, COVID-19.

58. Plaintiff provided enough information for Defendants to know that his potential leave may be covered by the FMLA.

59. Despite its knowledge of Plaintiff's medical condition, Defendants failed to notify Plaintiff of his eligibility status and rights under the FMLA, and failed to notify Plaintiff whether his leave was or could be designated as FMLA leave.

60. When Defendants failed to notify Plaintiff of his eligibility status and rights under the FMLA and failed to notify Plaintiff whether his leave was or could be designated as FMLA leave, Defendants interfered with Plaintiff's rights under the FMLA.

61. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

a. Enter judgment in Plaintiff's favor and against Defendants for interfering with Plaintiff's rights under the FMLA;

b. Reinstatement or compensatory mental damages;

c. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

d. Award Plaintiff liquidated damages;

e. Award Plaintiff prejudgment interest on his damages award;

f. Award Plaintiff reasonable costs and attorney's fees;

g. Award Plaintiff any further relief pursuant to the FMLA; and



h.  Grant Plaintiff such other and further relief as this court deems equitable and just.

**Plaintiff demands a trial by jury.**

### COUNT IV: INTERFERENCE WITH FMLA
### <u>RIGHTS AGAINST DEFENDANTS (TERMINATION)</u>

62. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

63. On July 2020 Plaintiff was eligible for FMLA leave.

64. At all times material, Plaintiff gave proper notice to Defendants by informing it of his serious medical condition.

65. Plaintiff provided enough information for Defendants to know that his potential leave may be covered by the FMLA.

66. Despite its knowledge of the medical condition of Plaintiff, Defendants terminated Plaintiff instead of affording him the opportunity to take FMLA leave and go back to work.

67. When Defendants fired Plaintiff, it interfered with Plaintiff's rights under the FMLA.

68. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

a.  Enter judgment in Plaintiff's favor and against Defendants for interfering with Plaintiff's rights under the FMLA;

b.  Reinstatement or compensatory mental damages;

c.  Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

d.  Award Plaintiff liquidated damages;



e.  Award Plaintiff prejudgment interest on his damages award;

f.  Award Plaintiff reasonable costs and attorney's fees;

g.  Award Plaintiff any further relief pursuant to the FMLA; and

h.  Grant Plaintiff such other and further relief as this court deems equitable and just.

**Plaintiff demands a trial by jury.**

## COUNT V: VIOLATION OF the FMLA, the FFCRA, the EFMLEA, and the EPSLA – RETALIATION

69. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

70. Defendants terminated Plaintiff following his request for leave under the FMLA, the EFMLEA, the FFCRA, and the EPSLA.

71. Defendants terminated Plaintiff because he requested leave under the statutes referenced in the preceding paragraph.

72. Defendants intentionally engaged in unlawful employment practices in violation of the FMLA, the EFMLEA, the FFCRA, and the EPSLA, by retaliating against Plaintiff for having requested to take leave under these statutes.

73. Plaintiff's request for leave pursuant to the FMLA, the EFMLEA, the FFCRA, and the EPSLA, was a direct and proximate cause of his termination.

74. As a direct and proximate result of the intentional violations by Defendants of Plaintiff's rights under the FMLA, the EFMLEA, the FFCRA, and the EPSLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:



www.saenzanderson.com

11

a. Enter judgment in Plaintiff's favor and against Defendants for its violations of the FMLA, the EFMLEA, the FFCRA, and the EPSLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d. Award Plaintiff liquidated damages;

e. Reinstatement;

f. Award Plaintiff prejudgment interest on her damages award;

g. Award Plaintiff reasonable costs and attorney's fees; and

h. Grant Plaintiff such other and further relief as this court deems equitable and just.

**Plaintiff demands a trial by jury.**

Dated: November 6, 2020.

Respectfully submitted,

By: /s/Tanesha W. Blye
Tanesha W. Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800



www.saenzanderson.com

12

                                                  Aventura, Florida 33180
                                                  Telephone: (305) 503-5131
                                                  Facsimile: (888) 270-5549
                                                  *Counsel for Plaintiff*



www.saenzanderson.com