United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Alfonso Garcia, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-24585-Civ-Scola |
| Caribbean Parking Systems, Inc. | ) |
| and JML Parking LLC, dba | ) |
| Southern Parking, Defendants. | ) |

## Order

In seeking leave to amend his complaint, Plaintiff Alfonso Garcia, in this wrongful-termination case, seeks to drop Defendant JML Parking LLC, doing business as Southern Parking, and to add Defendant Southern Parking Systems, Inc. (Pl.'s Mot. to Am., ECF No. 26.) While dismissal of JML, without prejudice, is warranted, based on the agreement of the parties, the addition of Southern Parking Systems, Inc., to this case is untimely: the deadline to join additional parties or to amend the pleadings was March 12, 2021. Accordingly, the Court **grants, in part and denies, in part**, Garcia's motion (**ECF No. 26**).

Garcia recites that the Defendants provided written discovery responses, dated March 19, 2021, stating that Southern Parking Systems, Inc., sent payroll checks to Garcia. (Pl.'s Mot. at 2.) Garcia then waited over a month to seek the addition of this defendant to his case. Garcia also fails to explain why he was unable to discern the alleged liability of this defendant (the entity who sent him his payroll checks), in the exercise of due diligence, prior to the deadline for adding parties to this case. While Garcia may be entitled to add this defendant under the standard enunciated under Federal Rule of Civil Procedure 15(a)(2), he neglects to set forth the good cause required under Federal Rule of Civil Procedure 16(b).

The standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa*, 133 F.3d at 1418. Thus, "diligence is the key to satisfying the good cause requirement." *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) (Ungaro, J.). Only if "good cause" for an untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play. *See* Fed. R. Civ. P. 15(a)(2). While the standard under Rule 15(a) is lenient, especially where, as here, the other party agrees to the amended pleading, still, "a motion to amend may be denied on numerous grounds such as undue delay,

undue prejudice to the [opposing party], and futility of the amendment." *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations omitted). Garcia has not set forth good cause for modifying the Court's scheduling order.

In sum, the Court **grants** Garcia's motion **in part**, and **denies it, in part** (**ECF No. 26**). Defendant JML Parking, LLC, is dismissed, without prejudice, and the Clerk is directed to **terminate this defendant from the docket**. Garcia's request to add Defendant Southern Parking Systems, Inc., however, is denied.

**Done and ordered**, in Miami, Florida, on April 28, 2021.

_____
Robert N. Scola, Jr.
United States District Judge