United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Alfonso Garcia, Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Caribbean Parking Systems, Inc., ) <br> Defendant. ) | Civil Action No. 20-24585-Civ-Scola |

## Order Granting Motion for Leave to Amend Affirmative Defenses

Defendant Caribbean Parking Systems, Inc. seeks leave to amend its answer and affirmative defenses in this wrongful-termination case. (Def.'s Mot., ECF No. 19.)[1] Plaintiff Alfonso Garcia objects to the amendment. (Pl.'s Am. Resp., ECF No. 21.) Having reviewed the record, the parties' briefing, and the relevant legal authorities, the Court **grants** Caribbean Parking's motion (**ECF No. 19**.)

In accordance with Federal Rule of Civil Procedure 15(a)(2), a party seeking to amend its pleading may do so only with the opposing party's written consent or the court's leave. According to the rule, leave should be freely given when justice so requires. Rule 15(a) reflects a policy of "liberally permitting amendments" and absent a "substantial reason to deny leave to amend" a litigant's request should be granted. *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984).

The Court first notes that Caribbean Parking's request for leave is timely under the Court's scheduling order. It seeks leave to amend its answer to add twelve additional affirmative defenses. According to Caribbean Parking, without the amendment, Caribbean Parking will be prejudiced by not being able to raise any of those defenses—all of which, it says, relate to the claims at issue and which are commonly asserted in this type of case—at trial. In opposing the amendment, Garcia complains (1) Caribbean Parking agreed, in the parties' joint scheduling report, that the parties did not, at that time, anticipate the need for amending the pleadings; (2) Caribbean Parking did not specify, when conferring with Garcia, what, exactly, the additional defenses would be; (3) Garcia's first set of written discovery requests were tailored to the allegations in Caribbean Parking's initial answer and affirmative defenses; (4) Garcia has not "sought to take any depositions on the several new issues that will now be critical"; and (5)

---

[1] The motion was submitted jointly, by Defendants Caribbean Parking and JML Parking, LLC, doing business as Southern Parking. After the motion had been briefed, however, and by agreement of the parties, Defendants JML Parking, LLC, doing business as Southern Parking, has been dropped from this case. (Order, ECF No. 27.)

the new affirmative defenses "may cause [Garcia] to exceed discovery limitations and incur additional expenses." (Pl.'s Resp. at 2–4.) Ultimately, Garcia argues Caribbean Parking's motion should be denied "because of undue delay, dilatory motive, and undue prejudice." (*Id.* at 4.)

At the outset, the Court acknowledges that Caribbean Parking's delay in seeking amendment has likely resulted in some inefficiencies. And while the Court, of course, prefers to avoid inefficiencies, the conduct alleged here does not rise to the level such that it would override the strong policy in favor of courts deciding cases on their merits. In other words, Garcia's grievances do not establish, at this early stage of the litigation, the undue delay, dilatory motive, or undue prejudice that would be necessary to outweigh Rule 15(a)'s directive that leave to amend be freely given.

Accordingly, the Court **grants** Caribbean Parking's motion (**ECF No. 19**). The parties are encouraged to work together to resolve any discovery issues the amendment may raise. But, of course, if they are unable to do so, they may seek the appropriate intervention from the Court.

The Court orders Caribbean Parking to refile its amended answer, as a separate docket entry, on or before **May 3, 2021**.

**Done and ordered**, in Miami, Florida, on April 29, 2021.

_____
Robert N. Scola, Jr.
United States District Judge